John Clifford **WILLIAMS**, Appellant,

v.

**STONE TOWING LINE**, Appellee.

No. 13950.

United States Court of Appeals, Fourth Circuit.

Argued May 6, 1970.

Decided Sept. 3, 1970.

---

C. Arthur Rutter, Jr., Breit, Rutter, Cohen, Ermlich & Friedman, Norfolk, Va., for appellant.

Rixey & Rixey, Norfolk, Va. (William B. Eley, Norfolk, Va., on brief) for appellee.

Before HAYNSWORTH, Chief Judge, WINTER, Circuit Judge, and RUSSELL, District Judge.

## PER CURIAM:

In this action, a seaman sought recovery for personal injuries sustained by him while working as the Chief Engineer on the tug R. R. STONE in the harbor at Wilmington, North Carolina. The action was tried without a jury. The District Judge filed his Findings of Fact and Conclusions of Law, and concluded that the accident was due to the negligence of the defendant and the contributory negligence of the plaintiff. He fixed the damages at $12,000, but, on the basis of comparative negligence, reduced the award in favor of the plaintiff by 33⅓ per cent., thereby giving plaintiff judgment in the amount of $8,000. The plaintiff has appealed, contending that the finding of contributory negligence on his part was clearly erroneous and that reduction in the award of damages on that account was improper. We affirm.

This action arises out of the explosion of a water tank, which was part of the sanitary system on the tug R. R. STONE, as a result of which the appellant, the Engineer on the tug, was injured. On the occasion of the explosion, the water tank had become "waterlogged"—apparently not an unusual event. The cause of the "waterlogging" was the failure of the water pump to operate satisfactorily. To correct that situation, it was necessary to inject air into the water tank in order to force water out of the tank into the commode, thereby flushing the commode. The appellant on this occasion injected air from the compressed air storage system into the water tank. The District Court found that the appellant had been instructed not to use the compressed air from the storage system in injecting air into the water tank, but to use instead a hand/air pump, supplied as a part of the sanitary equipment and designed for the purpose of injecting air into the water tank. The compressed air from the storage system, used primarily for starting the engine of the tug, provided an air pressure of 280 to 300 pounds, whereas, the air pressure resulting from the use of the hand/air pump gradually built up as its manual operation progressed. The District Court further found that the failure of the appellant to use such hand/air pump, which represented a "safe alternative" to the method actually resorted to by the appellant for injecting air into the water tank, constituted contributory negligence on the part of the appellant under the authority of Smith v. United States (4th Cir. 1964) 336 F.2d 165, 168. It is this latter finding that the appellant challenges.

The appellant concedes that findings of a District Court in a non-jury case will not be disturbed unless clearly erroneous. McAllister v. United States (1954) 348 U.S. 19, 20, 75 S.Ct. 6, 99 L.Ed. 20. In his written brief filed with this Court, he urged that the hand/air pump, to which the District Judge had referred in his findings, was not in working order at the time of the accident and that, therefore, the finding of a "safe alternative" in the form of the hand/air pump was clearly erroneous. On oral argument, however, he

abandoned this contention and conceded there was evidence in the record to support the District Court's finding that there was on the tug at the time a workable hand/air pump, furnished for the specific purpose of injecting air into the water tank.

Appellant on oral argument planted his claim of clear error on the contention that the evidence showed conclusively that the accident resulted entirely from the decayed condition of the water tank, specifically that the application of the air pressure required to force water from the tank into the commode, whether from the storage tank or from the hand/air pump's operation, would have caused the tank to have exploded. For this reason, he argues that it was irrelevant whether the appellant used compressed air from the storage system or used the hand/air pump, the result would have been the same. To support this argument, he states there is no significance to the high air pressure provided from the storage tank, since there was a reducing valve on the water tank which would have reduced the air pressure from the storage tank to 60 pounds and it was conceded, he asserts, that a pressure of 60 pounds was required to force water from the tank into the commode. The evidence is not, though, conclusive that a 60-pound pressure was necessary to force the water out of the tank into the commode. The witnesses varied in their estimates of the required pressure from 45 to 60 pounds. Further, the air pressure from the storage tank, even assuming it was lowered in pressure by the reducing valve to 60 pounds, would have been applied far more forcefully than the gradually rising pressure that would have been applied by the use of the hand/air pump. Such difference between the two methods would have meant that the air pressure from the storage tank would have placed the water tank under considerably greater sudden pressure than the hand/air pump would have. It could thus reasonably be inferred from the evidence that, had the appellant used the hand/air pump to provide air pressure slowly and gradually in the tank, the operation of forcing water from the tank into the commode (to make the commode flush properly) could have been completed with safety. It cannot then be said that the finding of the District Court that the use of the hand/air pump represented a "safe alternative", was clearly erroneous.

Judgment below affirmed.